**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK ALEANDRE MISSUD, I, | No. 12-15658 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-03567-EMC |
| v. | |
| STATE OF NEVADA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Patrick Alexandre Missud, I, appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 putative class action alleging due

process and equal protection claims arising from various prior lawsuits involving a

Nevada real estate transaction.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo both a dismissal for lack of personal jurisdiction, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), and for failure to state a claim, *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007). We affirm.

The district court properly dismissed Missud's claims against defendant D.R. Horton, Inc. because it neither had continuous and systematic contacts with the State of California nor availed itself of the privilege of doing business in the State to justify the exercise of personal jurisdiction over it. *See* Cal. Civ. Proc. Code § 410.10 (allowing for jurisdiction over non-residents coextensive with due process requirements); *Schwarzenegger*, 374 F.3d at 800-803 (setting forth tests for general and specific personal jurisdiction under the California long-arm statute).

The district court properly dismissed Missud's claims against various state and federal judges on the basis of absolute judicial immunity because Missud failed to allege facts tending to show that these judges acted "in the clear absence of jurisdiction" in issuing adverse rulings against him in his prior lawsuits. *See Stump v. Sparkman*, 435 U.S. 349, 356-58 (1978) (unless they clearly lack jurisdiction to act, judges are absolutely immune from liability for their judicial acts even if their exercise of authority is flawed by the commission of grave

procedural errors).

The district court did not abuse its discretion in entering a narrowly-tailored pre-filing order against Missud as a vexatious litigant because it carefully reviewed the relevant facts, and made each necessary finding under the applicable factors. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007) (setting forth standard of review and factors to be considered before the entry of a pre-filing order against a vexatious litigant).

Missud's successive requests for the wholesale judicial notice of various documents from numerous prior proceedings for the purpose of validating his arguments and claims, set forth in his opening and reply briefs, are denied.

Missud's contentions regarding alleged corruption in the federal and state judiciaries, fraud in the mortgage industry and the private financial sector, and conspiracies against him, are unpersuasive.

Issues not expressly raised on appeal, including the dismissal of Missud's claims against the remaining defendants on the basis of the *Rooker-Feldman* doctrine and for failure to serve, are deemed waived. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

**AFFIRMED.**